UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WENDOLYN LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 22-02441-SHM-tmp |
| | ) |
| CHRIS CRAFT, AMY WEIRICH, | ) |
| JAMES JONES, ROSS SAMPSON, | ) |
| and CAROLYN BRYANT, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER DISMISSING COMPLAINT (ECF NO. 1) WITH PREJUDICE AS NON-COMPLIANT WITH PRIOR COURT ORDERS;
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 5);
DENYING MOTION FOR HEARING (ECF NO. 6);
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*;
AND ASSESSING SANCTIONS**

On April 28, 2022, Plaintiff Wendolyn Lee, who is incarcerated at the Shelby County Criminal Justice Center (the "Jail") in Memphis, Tennessee, filed a *pro se* civil complaint under 42 U.S.C. § 1983 with the United States District Court for the Eastern District of Louisiana (the "Eastern District of LA"). (ECF No. 1.)  Lee did not submit either the $402 civil filing fee or an *in forma pauperis* application.  On May 3, 2022, the Eastern District of LA notified Lee that his complaint was deficient because (1) it was not accompanied by the civil filing fee or an application to proceed *in forma pauperis* and (2) it was not submitted on the proper form.  (ECF No. 2.)  On July 1, 2022, Lee filed (1) a complaint on the Eastern District of LA's § 1983 form (ECF No. 4), (2) a motion for leave to proceed *in forma pauperis* (ECF No. 5), and (3) a motion for a hearing (ECF No. 6).  On July 6, 2022, the Eastern District of LA (1) transferred the case to this Court

pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) and (2) deferred decision about Lee's pauper status to this Court. (ECF No. 7.)

As in Lee's many prior actions filed in this Court, he once again sues: (1) Judge Chris Craft; (2) Shelby County District Attorney General Amy Weirich; (3) attorney James Jones; and (4) Memphis Police Department Officer Carrolyn Bryant as a Defendant. (ECF No. 4 at PageID 47.) Lee also sues his public defender Ross Sampson. (*Id.*; *see also* ECF No. 6 at PageID 119 (alleging that "the judge sent a lawyer in the courtroom one I don't even know [who] told the jury Mr. Lee is guilty").) Lee alleges conspiracy, fraud, kidnapping, obstruction of justice by the Defendants (ECF No. 4 at PageID 51; *see also* ECF No. 6 at PageID 118-21), similar to the allegations of his prior cases in this Court. (*See Lee v. Craft, et al.*, Case No. 21-2367, ECF No. 9 at PageID 5 (listing cases).)

The Court has designated Lee a three-strike filer pursuant to 28 U.S.C. § 1915(g). (*See* Case No. 21-2774, ECF No. 11 at PageID 5; Case No. 21-2275, ECF No. 12 at PageID 23-25; Case No. 21-2367, ECF No. 9 at PageID 6.) Lee has filed at least three previous lawsuits in this district that have been dismissed for failure to state a claim or as frivolous.[1]

On June 8, 2021, the Court barred Lee from filing any further § 1983 actions in federal court, unless he submits -- simultaneously with any putative complaint -- the entire $402 civil filing fee with any action he seeks to file. (Case No. 21-2367, ECF No. 9 (the "Filing Sanctions Order") at PageID 9 ("if Lee submits any complaint in violation of this order, the complaint will be filed for statistical purposes and will be summarily dismissed. The Court may also impose

---

[1] *See Lee v. Craft, et al.*, No. 21-2136, 2021 WL 1030236 (W.D. Tenn. Mar. 17, 2021) (dismissed for failure to state a claim); *Lee v. Craft, et al.*, No. 20-2424, 2021 WL 918767 (W.D. Tenn. Mar. 10, 2021) (dismissed for failure to state a claim); *Young, et al. v. Weirich, et al.*, No. 18-2157, 2018 WL 6173897, at *2-*3 (W.D. Tenn. Nov. 26, 2018) (dismissed for failure to state a claim), *aff'd*, No. 19-5012, 2019 WL 2897530 (6th Cir. May 16, 2019), *cert. denied*, 140 S. Ct. 265 (2019).

further sanctions against Lee, including a monetary fine").)  The Filing Sanctions Order expressly warned Lee that, going forward, if he tried to file in another court an action that should have been properly filed in this district, Lee would incur the same sanctions as if he had filed the action in this jurisdiction initially.  (*Id.*)

On August 2, 2021, this Court: (1) dismissed Lee's then-latest complaint as non-compliant with the Filing Sanctions Order, (2) deemed Lee's complaint filed for statistical purposes only, (3) dismissed Lee's complaint with prejudice, (4) ordered Lee to file no further pleadings in Case No. 21-2469, and (5) assessed a $402 filing sanction.  (Case No. 21-2469, ECF No. 12 (the "Monetary Sanctions Order") at PageID 9-10 ("Unless and until Lee submits the full amount of this $402 sanction, the Clerk shall not accept from him any submissions in any action he seeks to file in the future under § 1983").  As in the Filing Sanctions Order, the Monetary Sanctions Order warned Lee that any case he might file in another district that should have been properly filed in this district and that is thereafter transferred to this district would result in the same sanctions as if Lee had filed that action here initially.  (*Id.*)

On November 17, 2021, the Court: (1) dismissed Lee's then-latest § 1983 complaint as non-compliant with the Filing Sanctions Order and the Monetary Sanctions Order; and (2) assessed another $402 filing sanction.  (*Lee v. Craft, et al.*, No. 21-2655, ECF No. 12 (the "Second Monetary Sanctions Order") at PageID 27-28.)  The Court entered judgment on November 17, 2021.  (No. 21-2655, ECF No. 13.)

On December 8, 2021, the Court: (1) dismissed Lee's then-latest § 1983 complaint as non-compliant with the Filing Sanctions Order, the Monetary Sanctions Order, and the Second Monetary Sanctions Order; and (2) assessed another $402 filing sanction.  (*Lee v. Craft, et al.*, No. 21-2742, ECF No. 3 (the "Third Monetary Sanctions Order") at PageID 9-11.)  The Court entered judgment on December 8, 2021.  (No. 21-2742, ECF No. 4.)

On January 5, 2022, the Court: (1) dismissed Lee's then-latest § 1983 complaint as non-compliant with the Filing Sanctions Order, the Monetary Sanctions Order, the Second Monetary Sanctions Order, and the Third Monetary Sanctions Order; and (2) assessed another $402 filing sanction. (*Lee v. Craft, et al.*, No. 21-2774, ECF No. 11 (the "Fourth Monetary Sanctions Order") at PageID 7-9.) The Court entered judgment on January 5, 2022. (No. 21-2774, ECF No. 12.)

In the instant matter, Lee has again failed to submit the $402 civil filing fee, has not demonstrated imminent danger to proceed *in forma pauperis* as a three-strike filer under 28 U.S.C. § 1915(g)[2], and has not paid the $402 sanctions assessed by the Monetary Sanctions Order, the Second Monetary Sanctions Order, the Third Monetary Sanctions Order, and the Fourth Monetary Sanctions Order.

For all of the above reasons: (1) the complaint in the instant case, ECF No. 4, is DEEMED FILED ONLY FOR STATISTICAL PURPOSES, and it is DISMISSED WITH PREJUDICE. *See* Monetary Sanctions Order at PageID 10 ("Unless and until Lee submits the full amount of this $402 sanction, the Clerk shall not accept from him any submissions in any action he seeks to file in the future under § 1983"); Second Monetary Sanctions Order at PageID 27 (same); Third Monetary Sanctions Order at PageID 9-10; Fourth Monetary Sanctions Order at PageID 8; *see also* Fed. R. Civ. P. 41(b) (district courts have authority to dismiss a case for failure to comply with a

---

[2] Twenty-eight U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Lee's application to proceed *in forma pauperis* does not allege that he is in imminent danger of serious physical injury under § 1915(g). (*See* ECF No. 5.) Lee's initial complaint alleged his oft-repeated contention of his 2018 kidnapping at gunpoint by "Memphis bounty hunters." (ECF No. 1 at PageID 1.) That allegation of Lee's 2018 kidnapping does not demonstrate imminent danger of serious physical injury to Lee as of April 28, 2022 when Lee filed his complaint with the Eastern District of LA. Lee's operative complaint does not allege any facts regarding imminent danger of serious physical injury. (*See* ECF No. 4.)

court order); (2) Lee's motion to proceed *in forma pauperis* (ECF No. 5) is DENIED; and (3) to the extent any issues raised in Lee's motion for a hearing were not already disposed of by the Eastern District of LA's transfer order (ECF No. 7), Lee's motion for a hearing (ECF No. 6) is DENIED.

It is further ORDERED that Lee shall file no further pleadings in this action. The Clerk of Court shall not accept for filing in this case any further pleadings from Lee until further order of this Court. This imposition of these filing restrictions is the appropriate remedy here.

It is further ORDERED that Lee is assessed a $402 filing sanction. This $402 sanction is in addition to (1) the $402 sanction imposed by the Monetary Sanctions Order, (2) the $402 sanction imposed by the Second Monetary Sanctions Order, (3) the $402 sanction imposed by the Third Monetary Sanctions Order, and (4) the $402 sanction imposed by the Fourth Monetary Sanctions Order. This latest $402 sanction arises not only from Lee's disregard for his obligations as a federal court litigant but also from Lee's insistence on successively filing the same claims, while seeking to avoid proper venue. Unless and until Lee submits the full amount of this $402 sanction, the Clerk shall not accept from Lee any submissions in any action Lee seeks to file in the future under § 1983. Any case that Lee files in another district that should have been properly filed in this District and that is thereafter removed or transferred to this District will result in the same sanctions as if Lee had filed it here initially.

The Court also CERTIFIES that any appeal in this matter would not be taken in good faith and DENIES leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED, this 21st day of March, 2023.

                                        /s/ *Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE